09-4365-pr
Walter v. Fischer

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of September, two thousand ten.

PRESENT:
    ROBERT A. KATZMANN,
    PETER W. HALL,
      *Circuit Judges*,
    JOHN GLEESON,[*]
      *District Judge.*

_____

Lawrence J. Walter,

      *Plaintiff-Appellant*,


    v.                 09-4365-pr

Brian Fischer, Commissioner, Department of Correctional Services, John H. Nutall, Deputy Commissioner for Program Services, Dwight Bradford, Director of Substance Abuse, S. Spurgeon, Senior Corrections Counselor,

      *Defendants-Appellees.*

_____

_____

[*] John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:          Walter J. Lawrence, *pro se,* Marcy, N.Y.

FOR DEFENDANTS-APPELLEES:     Andrew B. Ayers, New York State Attorney General, Albany, N.Y.

**UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Walter J. Lawrence, *pro se*, appeals from the judgment of the United States District Court for the Northern District of New York (Mordue, *C. J.*), dismissing Appellant's complaint, pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the facts and procedural history.

We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim, taking all factual allegations in the complaint as true and construing all reasonable inferences in favor of the plaintiff. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Having conducted an independent and *de novo* review, we find, for substantially the same reasons as the district court, that Appellant failed to establish that he had a protected liberty interest in not participating in an alcohol treatment program, given that his participation related to a legitimate penological objective and this Court generally affords discretion to prison administration. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) ("The limitations on the exercise of constitutional rights arise from the fact of incarceration and from valid penological objectives—including deterrence of crime, rehabilitation of prisoners, and institutional security."); *McKune v. Lile*, 536 U.S. 24, 36-38 (2002) (explaining that a "prison clinical rehabilitation program" bears "a rational relation to a legitimate penological objective"); *see also Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (stating that courts must exercise restraint in supervising prison administration, and, "[w]here a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities").

Finally, we find, for substantially the same reasons as the district court, that Appellant failed to establish an equal protection claim, because a clinical rehabilitation program serves a legitimate penological interest, and, thus, a rational basis exists for the policy. *See McKune*, 536

U.S. at 36-38; *see also Shaw v. Murphy*, 532 U.S. 223, 232 (2001) (explaining that an inmate must demonstrate that his treatment was not "reasonably related to [any] legitimate penological interests."). Additionally, as the policy was applicable to all inmates with a history of alcohol and drug abuse, Appellant has failed to allege how he was treated differently than others similarly situated to him. *See Phillips v. Girdich*, 408 F.3d 124, 129 (stating that to articulate an equal protection claim an inmate "must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination.").

Insofar as Appellant argues on appeal that the district court misapplied the legal standard for a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), we find his argument is without merit. In ruling on a Rule 12(b)(6) motion, a court is required to accept the material facts alleged in the complaint as true. *See Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir.1994). The task of a court in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). Here, the district court explicitly stated that it accepted the factual allegations set forth in Appellant's complaint as true and properly assessed the legal feasibility of Appellant's claims. We find nothing in the record to suggest that the district court improperly relied on any evidence outside of the pleadings, as a review of the record indicates that the district court relied solely on Appellant's complaint and relevant case law. Accordingly, it cannot be said that the district court misapplied the Rule 12(b)(6) standard.

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3